No. 10,857.

KATE SHERRY CHASE VS. HIBERNIA NATIONAL BANK OF NEW ORLEANS.

</div>

The rights and duties of both the stockholders and the corporation whose stock they hold grow out of a contract implied in a subscription for stock.

.A wife, having transferred her certificate of shares to her husband, and having had noted the transfer on the books of the corporation; the husband having subsequently sold these shares; she having brought suit against him for separation of property, and in her petition having claimed the proceeds, and judgment having been obtained recognizing her rights, can not recover on an error of the corporation to which she contributed, and which she made her own by her judicial declaration sufficiently to enable the defendant to maintain the plea of prescription of ten years, running from the day judgment was rendered in her favor decreeing her to be the owner of the proceeds of the sale of the shares.

If the wife aid her husband in converting her estate into cash so that he can use it, it is her fault, and she must blame herself if he uses such cash in payment of his debts, and if other people act on the confidence which her conduct inspires.

A PPEAL from the Civil District Court for the Parish of Orleans. *Voorhies, J.*

*Geo. L. Bright* for Plaintiff and Appellant.

*J. C. Gilmore* and *S. L. Gilmore* for Defendant and Appellee:

I.

The wife may place her paraphernal property in the hands of her husband as owner, and his acts may be purely administrative as to her, but absolute as to third parties who are not subject to equities of the wife in account with her husband. Miller vs. Handy, sheriff, 33 An., p. 164, and authorities cited in brief. Godchaux vs. Morrow, 41 An. 716; La. National Bank vs. Scott, 42 An., p. 785.

II.

Third persons dealing with the husband in his individual capacity are not affected with notice of the origin of the property acquired from him when his acts have been purely administrative of the property, title of which was in his name. Honold vs. Meyer, 36 An. 585; McNeil vs. Tenth National Bank, 46 N. Y., p. 325,

III.

.A corporation as a trustee is not bound to notice title to its shares for the purposes of transfers when title has been so constituted by the owners of the shares. Small vs. Saloy, 42 An. 183; Saloy vs. Hibernia National Bank, 39 An., p. 90.

IV.

Prescription and estoppel run against the wife within the power of administration of her paraphernal property as against a *femme sole*. Perry on Trusts, Secs. 666-669, p. 610; 30 An., p. 164; authorities cited in brief.

V.

Where a mandate to the husband has been revoked by a suit for separation of property, prescription runs against the wife from the date of revocation or resumption by a married woman of the administration of her paraphernal funds. R. C. C., Arts. 2387, 2391, 3544, 3534, 3538, 3540.

The opinion of the court was delivered by

BREAUX, J.   Plaintiff, before her marriage, was the owner of twenty shares of the capital stock of the Hibernia Bank of New Orleans.

She was married to Charles H. Chase, on the 5th of November, 1870.

She collected three dividends of her shares after her marriage.

On the 6th day of November, 1872, she transferred these shares to her husband by written instrument.

No consideration was paid—none is expressed in the transfer except the customary "for value received" of bills and promissory notes.

An entry of transfer was inscribed on the books of the bank.

On the 23d of September, 1873, Chase transferred these shares to Joseph Maristany, and they were, from time to time, thereafter transferred to different parties.

The capital stock of the bank was twice reduced, also the number of shares.

Those claimed by plaintiff were reduced to sixteen at first, and in the fall of 1886 this number was reduced to twelve.

Six hundred dollars were paid on the last of these shares called in, and nothing on the first.

The Hibernia Bank has been reorganized and is now the Hibernia National Bank.

The plaintiff kept a bank account at this bank.

The defendant had no notice of an adverse claim of plaintiff before the 1st day of December, 1890, some eight months after her husband's death.

Plaintiff sued her husband for a separation of property.

She alleges in her petition for a separation that she was the owner, at the time of her marriage, of property which she describes, and that her husband assumed its administration and sold the bank stock for the sum of $2640, and that the total appropriated to his own use was $14,100, less $2500 of the said amount, which was invested in her name in a lot of ground as an investment of so much of her paraphernal fund.

During the trial for a separation of property she introduced in evidence the certificate of the cashier of the bank, to prove the transfer of the shares to her husband.

On the 6th day of November, 1877, in said suit, she obtained a judgment against her husband for a separation of property and for $11,620, and for recognition of her rights to the lot in her name.

A writ of *fi. fa.* was issued under the judgment and was returned not satisfied.

The purpose of this suit is to recover from the bank the value of the shares, alleged as being $5000, and dividends amounting to $6000.

The plaintiff appeals from an adverse judgment.

Plaintiff's counsel in support of his claim ably argues the proposition that the transfer to the husband is an absolute nullity, which can not in any respect avail the bank in its defence. The wife parted with her possession of the certificate of shares in favor of her husband, and was a party to the error committed by the officer of the bank in entering a note of the transfer on its books.

There can be no question that the bank should have refused to act and should have declined to incur any responsibility.

We are called upon to determine whether the responsibility still exists.

The plaintiff by her voluntary act, without marital influence, severed her relations with the bank as a shareholder.

She placed her husband in charge and gave him control.

There was at least an inchoate transfer made, which by admission or the lapse of time could become legal.

The bank from that time was, by the registry of the stock the trustee of the husband.

He collected a dividend while the stock was in his name.

After many years of acquiescence she called on the bank for the shares, as if only a few days had elapsed, and no intention of transferring them had ever been entertained.

The husband had the administration, as alleged by her, and she placed these shares in his name as his own.

There was, to say the least, something of a conversion from this time.   Miller vs. Handy, Sheriff, 33 An. 164.

In business matters, if other people act on the confidence in the husband which her conduct inspires, the wife must blame herself. Succession of Gilmore vs. Bailey, 12 An. 562.

Plaintiff sued to dissolve the community and for judgment for different amounts, among these that realized by her husband from the conversion of the certificate of shares.

In the present suit the wife erroneously testified that her husband never at any time assumed the administration of her property.

She obtained judgment for the proceeds of these certificates.

Had she sold them to her husband, as now contended, he would have been responsible for the price, and not for the amount received by him when he sold them.

His wife can not escape the effect of these proceedings and pass them as if void. Her declarations to obtain the judgment were made with the legal authority of the judge.

Estoppel by judicial declaration will not apply to escape the effect of marital influences.

There is no intimation of such influence. She is, therefore, bound by the conversion, and the judgment made conclusive by the lapse of time.

She can not be allowed to shift her position at will.

In her first suit, with legal evidence, she maintained the allegation that her husband sold these bank shares and received the price.

In the present suit she proposes to ignore those proceedings entirely and recover judgment as if she had never parted with the title and had never placed her husband in possession of the certificate.

Plaintiff contends that the conversion dates from the date of her demand for their delivery.

The error is not of that date.

The delivery of the shares and her judicial declarations fix an earlier date.

A corporation is ordinarily justified in treating the assignee and holder of certificates of stock as the owner. 3 Am. Rep. 586.

Although this principle does not justify a corporation in making an illegal registry; when the owner calls alone and has the transfer noted; knew that they were transferred into third hands, and claimed the proceeds; the dates of her acts and declarations can not be left out of all consideration.

" The relation of stockholders to the corporation whose stock they hold is that of contract, and the rights and duties of both parties grow out of contract implied in a subscription for stock. " Supply Ditch Co. vs. Elliott, Vol. 10 Colorado, 327.

When the wife is one of the parties to such a contract she is not relieved from every care and concern of an owner.

There can be no estoppel, plaintiff urges, because the transfer made by the wife to the husband, the basis of defendant's liability, was made years before the institution of her suit against the husband, and that defendants were not thereby induced to change their positions.

The estoppel is not by recitals of a deed, or by conduct.

The plea is based on the solemn act of a competent court, which plaintiff has executed in part, at least.

Judicial declarations are accepted as true without regard to any influence they may have had on the party in whose behalf they are pleaded.

Article 3525 of the Civil Code, relative to the suspension of prescription, is quoted as applying. It does not apply.

The plea of prescription interposed by the defendant is a bar to plaintiff's demand.

The husband is not bound in warranty to the bank.

The act was that of the wife, which she has made clearly hers.

The error if actionable would give right to damages owing to defendant's negligence, which do not give a right to cite plaintiff's husband in warranty.

Plaintiff's right of action accrued more than ten years prior to the institution of this suit. More than that length of time had elapsed from the date of a judgment in her favor, decreeing her to be the owner of the price for which the property was sold by her husband.

Judgment affirmed at plaintiff's costs.